# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAO WU, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TOKAI PHARMACEUTICALS, INC., JODIE POPE MORRISON, LEE H. KALOWSKI, SETH L. HARRISON, TIMOTHY J. BARBERICH, DAVID A. KESSLER, JOSEPH A. YANCHIK, III, BMO CAPITAL MARKETS CORP., STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., and JANNEY MONTGOMERY SCOTT LLC, <br><br> Defendants. | Civil Action No. 16-cv-12550 <br><br> Suffolk Superior Court Civil Action No. 16-3725-BLS2 <br><br> **NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331 and 1441** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441, defendants Tokai Pharmaceuticals, Inc. ("Tokai" or the "Company"), Jodie Pope Morrison, Lee H. Kalowski, Seth L. Harrison, Timothy J. Barberich, David A. Kessler, Joseph A. Yanchik, III ("Individual Defendants," collectively with Tokai, the "Tokai Defendants"), hereby provide notice of removal of the above-captioned action (the "Action"), to the United States District Court for the District of Massachusetts ("Federal Court") from the Superior Court Department, Business Litigation Session, of Suffolk County, Massachusetts ("State Court"), where it was filed as Civil Action No. 16-3725-BLS2, on December 5, 2016.

**BACKGROUND AND RELATED FEDERAL ACTIONS**

1. On or about December 5, 2016, plaintiff Hao Wu ("Plaintiff") commenced a putative class action, entitled *Wu v. Tokai Pharmaceuticals, Inc.*, Civil Action No. 16-3725-BLS2, in the Business Litigation Session of the Superior Court Department of Suffolk County, Massachusetts.

2. Plaintiff asserts claims under Sections 11, 12(a)(2), and 15 of the Federal Securities Act of 1933 ("Securities Act"). 15 U.S.C. §§ 77k, 77*l*(a)(2), and 77o. Ex. A, Complaint ("Compl.") ¶ 2. Plaintiff's claims are premised on purported material misrepresentations or omissions in the registration statement and prospectus Tokai filed in connection with its initial public offering of September 18, 2014 ("IPO"). Compl. ¶ 1.

3. Two related putative class actions, making similar claims against the same defendants, are already pending in this Court before the Honorable Mark L. Wolf. *See Doshi v. Tokai Pharmaceuticals, Inc.*, Case No. 1:16-cv-11992-MLW (filed Aug. 1, 2016); *Garbowski v. Tokai Pharmaceuticals, Inc.*, Case No. 1:16-cv-11963-MLW (filed Sept. 29, 2016). Like the present Action, the *Garbowski* action makes claims under Sections 11, 12(a)(2), and 15 of the Securities Act in connection with alleged misrepresentations and omissions in Tokai's IPO registration statement. The *Garbowski* action also makes additional claims under the Federal Securities Exchange Act of 1934 ("Exchange Act"), in connection with purported misrepresentations and omissions by Tokai and certain Individual Defendants. The *Doshi* action was initially filed in the United States District Court for the Southern District of New York, which transferred it to this Court on October 3, 2016. The *Doshi* action also makes claims under the Exchange Act in connection with purported misrepresentations and omissions by Tokai and

certain Individual Defendants.  A motion to consolidate the *Doshi* and *Garbowski* actions is currently pending before Judge Wolf.

4. Pursuant to the Securities Act and the Exchange Act, the Court must appoint a lead plaintiff in the *Doshi* and *Garbowski* actions.  15 U.S.C. § 77z-1(a)(3), 15 U.S.C. § 78u-4(a)(3).  The lead plaintiff provisions of the Securities Act and of the Exchange Act allow other shareholders, such as Plaintiff, to apply to be lead plaintiff in the *Doshi* and *Garbowski* actions.

5. Rather than joining the already pending and first-filed federal actions, Plaintiff filed this separate lawsuit in State Court.

6. All defendants have been served or acknowledged service in this Action. Defendants have not appeared, pleaded, or answered in response to Plaintiffs' complaint.

## BASIS FOR REMOVAL

7. This Court has original jurisdiction over the Action under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Here, Plaintiff's only claims arise under federal law, specifically the federal Securities Act.  Compl. ¶¶ 41-57.

8. Accordingly, the Action is removable under 28 U.S.C. § 1441(a).  Section 1441(a) states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending" (emphasis added).  Venue is proper in this Court because it is the district and division in which the Superior Court Department of the Trial Court for Suffolk County, Massachusetts, is located.

9. The State Court lacks subject matter jurisdiction over this Action under the Securities Act. Section 22(a) of the Securities Act provides: "The district courts of the United States . . . shall have jurisdiction of offenses and violations under [the Securities Act], and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter." 15 U.S.C. § 77v(a) (emphasis added).

10. In turn, 15 U.S.C. § 77p(f)(2)(A) defines a *covered class action* as

> [A]ny single lawsuit in which—(I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members . . . .

11. This Action is a "covered class action" as defined by 15 U.S.C. § 77p. Plaintiff seeks to recover damages on behalf of a class of all purchasers of Tokai common stock in Tokai's IPO. Compl. ¶ 35. Tokai's common stock trades on NASDAQ, a national securities exchange. Plaintiff accordingly alleges that "[t]he members of the Class are so numerous that joinder of all members is impracticable," with "hundreds of members in the proposed Class." Compl. ¶ 36. Plaintiff also alleges that "[c]ommon questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class." Compl. ¶ 39. Because the Action is a covered class action, pursuant to 15 U.S.C. § 77v(a), the State Court lacks subject matter jurisdiction over the Action.

12. Removal of this Action is not barred by the anti-removal provision of the Securities Act. *See* 15 U.S.C. § 77v(a) ("Except as provided in section 77p(c) of this title, no

4

case arising under this subchapter and brought in any State court of *competent jurisdiction* shall be removed to any court of the United States.") (emphasis added).

13. Because the State Court lacks subject matter jurisdiction over this action, *see supra* ¶ 11, the State Court is not a court of "competent jurisdiction" for purposes of the anti-removal provision. Thus, the anti-removal provision does not bar removal of this action.

14. Numerous District Courts have held that federal courts have exclusive jurisdiction over covered class actions that allege only Securities Act claims. In one recent decision, for example, the United States District Court for the District of Delaware found that it—and not the state court—had jurisdiction over such class actions. *Iron Workers Dist. Council of New Eng. Pension Fund v. Moneygram Int'l, Inc.*, --- F. Supp. 3d ----, No. 15-402-LPS, 2016 WL 4585975 (D. Del. Sept. 2, 2016). There, although the lawsuit—a covered class action alleging only Securities Act claims—was brought in state court, the District Court following defendants' removal determined that "Congress expressly eliminated state courts' concurrent jurisdiction over covered class actions arising under the Securities Act" because that "interpretation is consistent with the statutory text," and "[i]t is also the only conclusion that comports with the legislative history and stated purpose" of the amendments to the Securities Act that divested state courts of subject matter jurisdiction over covered class actions. *Id.* at *5. The Court agreed with the reasoning of the United States District Court for the District of New Jersey, which had held that the language and legislative history of the statute showed that Congress intended to divest state courts of concurrent jurisdiction over covered class actions. *Id.* at *5-6 (citing *Pinto v. Vonage Holdings Corp.*, Civil Action No. 07-0062 (FLW), 2007 WL 1381746 (D.N.J. May 7, 2007); *Rovner v. Vonage Holdings Corp.*, Civil Action No. 07-178 (FLW), 2007 WL 446658 (D.N.J. Feb. 7, 2007)). Other District Courts are in accord. *See, e.g.*, *Gaynor v. Miller*, --- F.

Supp. 3d ----, Nos.: 3:15-CV-545-TAV-CCS, 3:15-CV-546-TAV-CCS, 2016 WL 6078340, at *9 (E.D. Tenn. Sept. 8, 2016) ("[T]he Court finds that the Morgan County Circuit Court lacks jurisdiction over this covered class action as the suit solely alleges federal claims, thereby preventing the circuit court from being a court of 'competent jurisdiction' under § 77(v)a."); *Hung v. iDreamSky Tech. Ltd.*, No. 15-CV-2514 (JPO), 2016 WL 299034, at *2 (S.D.N.Y. Jan. 25, 2016) ("If a state court lacks jurisdiction over a Securities Act case, it is not a court of competent jurisdiction, so the removal bar does not apply and the usual federal removal statute does."); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) ("After SLUSA, state courts were no longer 'court[s] of competent jurisdiction' to hear covered class actions raising 1933 Act claims.").

15. While a number of decisions—including two by other judges of this District[1]— have held to the contrary, the question of whether state courts lack jurisdiction over such actions is currently before the United States Supreme Court. Two petitions for writs of certiorari presenting this exact question have been filed. *FireEye, Inc. v. Superior Court of California, County of Santa Clara*, No. 16-744 (filed December 5, 2016); *Cyan, Inc. v. Beaver County Employees Retirement Fund*, No. 15-1439 (filed May 24, 2016). On October 3, 2016, the United States Supreme Court invited the Acting Solicitor General to file a brief expressing the views of the United States regarding the *Cyan* petition.

---

[1] *See Carlson v. Ovascience, Inc.*, No. 15-14032-WGY, 2016 WL 3002368 (D. Mass. May 23, 2016); *Fortunato v. Akebia Therapeutics, Inc.*, No. CV 15-13501-PBS, 2016 WL 1734073 (D. Mass. Apr. 29, 2016).

## PROCEDURAL REQUIREMENTS

16. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days of receipt of a copy of the Complaint.

17. Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Complaint together with "all process, pleadings, and orders served" on Tokai are attached hereto as Exhibit A.

18. Pursuant to Local Rules 5.4(F) and 81.1, the Tokai Defendants will file certified or attested copies, including in PDF format on a disk filed with the clerk's office, of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court, within 28 days after filing this Notice of Removal.

19. The Tokai Defendants are authorized to represent that all named defendants in this Action concur in, and consent to, the removal of this Action to this Court, subject to and without waiting any defenses and rights available to them. *See* 28 U.S.C. § 1446(b)(2)(A).

20. Pursuant to 28 U.S.C. § 1446(d), Tokai will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court Department of Suffolk County, Massachusetts.

Dated: December 19, 2016
/s/ Michael J. Pineault
Michael J. Pineault (BBO No. 555314)

Clements & Pineault, LLP
24 Federal Street, 3rd Floor
Boston, MA 02110
Telephone: (857) 445-0133
Facsimile: (857) 366-5404
Email: mpineault@clementspineault.com

*Attorneys for Defendants Tokai Pharmaceuticals, Inc., Jodie Pope Morrison, Lee H. Kalowski, Seth L. Harrison, Timothy J. Barberich, David A. Kessler, and Joseph A. Yanchik, III*

**CERTIFICATE OF SERVICE**

      I, Michael J. Pineault, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on December 19, 2016.

                                                */s/ Michael J. Pineault*
                                                Michael J. Pineault